[Nos. F014522, F014755. Fifth Dist. Feb. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PORFIRIO MARTINEZ GARCIA et al., Defendants and Appellants.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of "The Case—Morales," "The Facts," and parts I, II, IV, V, and VI.

**COUNSEL**

Kate Pardo and Carlo Andreani, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), Acting P. J.—**

### THE CASE—GARCIA

An information charged defendant Porfirio Martinez Garcia with four counts: count 1—Penal Code section 182 (conspiracy to sell or transport a controlled substance); count 2—Health and Safety Code section 11352 (transportation of a controlled substance); count 3—Health and Safety Code section 11352 (sale of a controlled substance); and count 4—Health and Safety Code section 11351 (possession of a controlled substance for purpose of sale). Each count also alleged the controlled substance weighed more than 3 pounds, in violation of Health and Safety Code section 11370.4, subdivision (a)(1), and amounted to more than 28.5 grams of cocaine hydrochloride, in violation of Penal Code section 1203.073, subdivision (b)(1).

A jury found Garcia guilty of counts 1 and 4, not guilty of counts 2 and 3, and the weight enhancement allegations to be true. The court sentenced him to the midterm of four years on count 1 (Pen. Code, § 182, conspiracy), a three-year consecutive enhancement based upon the weight of the contraband (Health & Saf. Code, § 11370.4, subd. (a)(1)), and to a concurrent three-year sentence for count 4 (Health & Saf. Code, § 11351, possession for sale) and the second weight enhancement (Health & Saf. Code, § 11370.4, subd. (a)(1)).

THE CASE—MORALES - II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

*Health and Safety Code Section 11370.4, Subdivision (a)(1) and CALJIC No. 17.22.1.*

■ Garcia argues the court improperly enhanced his conspiracy sentence pursuant to Health and Safety Code section 11370.4, subdivision (a)(1). He contends both the jury instructions and the verdict form were insufficient with regard to the specific findings required by the enhancement section.

The court instructed the jury with a modified version of CALJIC No. 17.22.1:

"It is alleged in counts one, two, three and four that at the time of the commission of the crime of which a defendant is accused, he possessed a substance containing cocaine hydrochloride which exceeded three pounds by weight.

"If you find a defendant guilty of the crime charged in counts one, two, three or four, you must determine whether this allegation is true.

"The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

"You will include a special finding on that question in your verdict using a form that will be supplied for that purpose."

Health and Safety Code section 11370.4 provides, in part:

"(a) Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 with respect to a substance

---

*See footnote, *ante*, page 582.

containing heroin, cocaine base as specified in paragraph (1) of subdivision (f) of Section 11054, or cocaine as specified in paragraph (6) of subdivision (b) of Section 11055 shall receive an additional term as follows:

"(1)   Where the substance exceeds three pounds by weight, the person shall receive an additional term of three years.

"    .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The conspiracy enhancements provided for in this paragraph shall not be imposed *unless the trier of fact finds that the defendant conspirator was substantially involved* in the planning, direction, execution, or financing of the underlying offense." (Italics added.)

The Attorney General concedes the trier of fact made no express finding that Garcia was substantially involved in one of the ways described within the section.

The full text of CALJIC No. 17.22.1 provides:

"It is alleged [in Count ___] that at the time of the commission of the crime of which the defendant is accused, [he] [she] _____ a substance containing _____ which exceeded [three pounds by weight] [or] [nine gallons by liquid volume] [ten pounds by weight] [or] [thirty-three and one-third gallons by liquid volume] [twenty-five pounds by weight] [or] [sixty-two and one-half gallons by liquid volume] [or] [one hundred pounds by weight].

"If you find the defendant guilty of the crime charged [in Count ___], you must determine whether this allegation is true.

"[In computing the quantities involved, plant or vegetable matter seized shall not be included.]

"The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

"You will include a special finding on that question in your verdict, using a form that will be supplied for that purpose."

The discrepancy between CALJIC No. 17.22.1 and Health and Safety Code section 11370.4 arises because the statute was modified effective January 1, 1990, to require a special finding of substantial involvement in order to apply the enhancement to a defendant charged with conspiracy.

(Compare Stats. 1987, ch. 1174, § 6.5, No. 11, West's Cal. Legis. Service, pp. 26-27 [No. 4 Deering's Adv. Legis. Service, pp. 4269-4270], with Stats. 1989, ch. 1326, § 2.5, No. 10, West's Cal. Legis. Service, p. 4614 [No. 7 Deering's Adv. Legis. Service, pp. 5283-5284].) With the amendment to Health and Safety Code section 11370.4, the current form of CALJIC No. 17.22.1 is insufficient when a defendant is charged with conspiracy. Likewise, verdict forms pertaining to the enhancement should require a finding by the jury of defendant's substantial involvement.

IV-VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment of appellant Garcia is modified to strike the enhancement in count 1 for a violation of Health and Safety Code section 11370.4. The principal term shall be the sentence imposed for count 4, to which shall be added the enhancement pursuant to Health and Safety Code section 11370.4, and the sentence imposed for count 1 is to become a concurrent term. As modified, the judgment is affirmed. The superior court is directed to modify the abstract of judgment and forward a copy to the Department of Corrections.

The judgment of appellant Morales is affirmed.

Vartabedian, J., and Harris, J., concurred.

---

*See footnote, *ante,* page 582.