GODOY PEREZ, J., Dissenting.
I dissent solely from that portion of the majority’s opinion dealing with the conspiracy enhancement.
If this were a case of first impression, I might be more inclined to concur with my colleagues’ conclusion that the verdict form need not include a special finding of substantial involvement in the conspiracy. We are not, however, the first to speak on this issue. The court in People v. Garcia (1992) 3 Cal.App.4th 582 [4 Cal.Rptr.2d 539], addressed this issue almost six years ago, and as the majority notes, concluded the jury must expressly find substantial involvement before the conspiracy enhancement may be imposed. Although the majority rejects Garcia as legally unsupported, the decision was based on statutory language that “[t]he conspiracy enhancements . . . shall not be imposed unless the trier of fact finds that the defendant conspirator was substantially involved in the planning, direction, execution, or financing of the underlying offense.” (Health & Saf. Code, § 11370.4, subd. (a)(6), italics added; Garcia, supra, at p. 585.) Interpreting that language, the Garcia court concluded substantial involvement must be explicitly indicated on the verdict form rather than, as the majority announces here, subsumed in the finding that more than a certain amount of *518 cocaine was involved in the conspiracy. While the majority dismisses Garcia as wrongly decided, I believe it is a reasonable interpretation of the statute. Moreover, I find it significant that since Garcia was published, the Legislature has never corrected Garcia’s purported misinterpretation which the majority now discovers. Accordingly, in the interest of predictability and certainty in the law, I do not believe we should speak when the Legislature has remained silent, and muddy what has up to now been clear. Thus, I respectfully dissent, and would strike the enhancement as to the conspiracy count. (Garcia, supra, at p. 586.)
Appellant’s petition for review by the Supreme Court was denied April 15, 1998.