[No. F040408. Fifth Dist. June 11, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY BEN LOBATO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Procedural Background, Facts, and parts I.A. and II of Discussion.

## Counsel

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### GOMES, J.—

#### INTRODUCTION

Defendant and appellant Rudy Ben Lobato appeals from a judgment following a jury trial in which he was convicted of conspiracy to commit certain drug offenses and a weight enhancement allegation was found to be true. In the published portion of the opinion, we reject appellant's contention that the weight enhancement, which was imposed under Health and Safety Code section 11370.4, subdivision (b)(2), must be vacated because the jury's verdict form did not expressly include the substantial involvement in the underlying offense element of the allegation. In the unpublished portions of the opinion, we reject appellant's claim that there is insufficient evidence to support the true finding on the weight enhancement, but conclude that appellant's sentence was not authorized because appellant was not sentenced based on conspiracy to commit the felony with the greatest maximum term. Accordingly, we remand for resentencing.

#### PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### DISCUSSION

### I. *The Weight Enhancement*

Appellant contends the true finding on the weight enhancement appended to the conspiracy charge must be stricken because it is not supported by sufficient evidence and the verdict omitted the required finding that appellant substantially was involved in the conspiracy. We disagree with both contentions.

### A. *Sufficiency of the Evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 762.

B. *Special Finding on Verdict Form*

 Appellant contends the jury did not find, as part of its special verdict on the weight enhancement appended to the conspiracy charge, that appellant was substantially involved in the conspiracy. Appellant claims that, absent a finding of substantial involvement, the weight enhancement appended to the conspiracy count must be stricken. (*People v. Garcia* (1992) 3 Cal.App.4th 582, 586 [4 Cal.Rptr.2d 539]; Health & Saf. Code, § 11370.4, subd. (b).)

The trial court instructed the jury as to the weight allegation in the language of CALJIC No. 17.21 as follows:

"It is also alleged in Count I that at the time of the commission of the crime of which the defendants are accused, the defendant conspired to sell, transport, distribute and/or possess for sale a substance containing methamphetamine which exceeded four kilograms by weight. [¶] If you find a defendant guilty of the crime charged in Count I, you must then determine whether this allegation is true.

"If you find a defendant guilty of the crime of conspiracy to commit a violation of Health and Safety Code Section 11378 or 11379 involving a substance containing methamphetamine which exceeds four kilograms by weight, an essential element of this allegation is that the defendant was substantially involved in the planning, direction, execution, or financing of the conspiracy and its objective. [¶] The People have the burden of proving the truth of this allegation and each of its elements. If you have a reasonable doubt that it is true, you must find it to be not true. [¶] Include a special finding on that question in your verdict, using a form that will be supplied to you for that purpose."

The verdict form provided as follows:

"We, the jury, _____ that the defendant, RUDY BEN
 FIND/DO NOT FIND

LOBATO, conspired to violate Health and Safety Code section 11378 and/or 11379(a) with respect to a substance containing methamphetamine where the substance exceeded four (4) kilograms by weight, within the meaning of Health and Safety Code section 11370.4(b)(2), as alleged on the Information." The jury inserted the word "Find" in the space provided.

Appellant contends the jury was required to make a special finding that he was "substantially involved" in the planning, direction, execution, or financing of the underlying offenses, and that the failure to include "substantial

involvement" language on the verdict form constitutes reversible error as to the weight enhancement. Appellant's contention was squarely rejected in *People v. Chevalier* (1997) 60 Cal.App.4th 507 [70 Cal.Rptr.2d 482]. In that case, the Court of Appeal held that the verdict for a weight enhancement related to a count of conspiracy need not expressly include the substantial involvement element. The court concluded that where the jury is fully instructed as to each element of the enhancement, it is not necessary for the verdict to enumerate each of those elements. (*Id.* at p. 514.) In this case, as in *Chevalier*, the jury properly was instructed it had to find appellant was substantially involved in the conspiracy in order to find the weight enhancement true, therefore the absence of the substantial involvement language on the verdict does not require the enhancement be stricken.

Appellant acknowledges the holding in *People v. Chevalier*, but notes that there is contrary authority, citing *People v. Garcia*. In that case, this court struck a weight enhancement where the jury was not instructed that it had to find the defendant was substantially involved in the planning, direction, execution, or financing of the underlying offense, and the verdict form did not expressly contain the element of substantial involvement. (*People v. Garcia, supra*, 3 Cal.App.4th at pp. 584-586.) In holding that the jury instruction was insufficient, we mentioned that a verdict form "*should* require a finding by the jury of [the] defendant's substantial involvement." (*Id.* at p. 586, italics added.) In *Garcia*, however, we were not presented with the issue of whether a weight enhancement must be stricken where the jury was correctly instructed on the need for substantial involvement, but that element was not expressly stated on the verdict. For this reason, our statement in *Garcia* regarding the form of the verdict is not controlling here, where the jury was properly instructed regarding the findings necessary to sustain a true finding on the weight enhancement.

Appellant also contends that *People v. Chevalier* has been overruled by the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435]. Appellant contends *Apprendi* requires the verdict contain an express factual finding that appellant was substantially involved in the underlying conspiracy. We disagree. As recently explained by the California Supreme Court, *Apprendi* teaches us that "[e]xcept for sentence enhancement provisions that are based on a defendant's prior conviction, the federal Constitution requires a jury to find, beyond a reasonable doubt, the existence of every element of a sentence enhancement that increases the penalty for a crime beyond the 'prescribed statutory maximum' punishment for that crime. (*Apprendi, supra*, 530 U.S. at p. 490 . . . .) Therefore, a trial court's failure to instruct the jury on an element of a sentence enhancement provision (other than one

based on a prior conviction), is federal constitutional error if the provision 'increases the penalty for [the underlying] crime beyond the prescribed statutory maximum.' (*Ibid.*)." (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739].)

 Here, the jury was fully instructed on the elements of the weight enhancement. As explained in *People v. Chevalier,* it was unnecessary for the verdict to enumerate each of those elements. (*People v. Chevalier, supra,* 60 Cal.App.4th at p. 514.) The decision in *Apprendi* does not change this conclusion, as it does not purport to require any written findings which expressly detail every element of an enhancement. It requires only that the jury find, beyond a reasonable doubt, every element of a sentence enhancement. (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 490 [120 S.Ct. at pp. 2362-2363].) Having been instructed on the elements of the weight enhancement, we can presume that the jury made the findings as instructed when it found the conspiracy weight enhancement true. (*People v. Chevalier, supra,* at pp. 514-515.) *Apprendi* does not require anything more. Accordingly, the claim of error fails.

II. *Unauthorized Sentence**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The sentence is vacated and the case is remanded for resentencing in conformance with this opinion. In all other respects, the judgment is affirmed.

Vartabedian, Acting P. J., and Levy, J., concurred.

---

*See footnote, *ante*, page 762.